IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| YATES INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-570C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIMS

For its answer to the complaint, defendant admits, denies, and asserts as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in paragraph 2 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to its truth.

4. Admits.

5. The allegation contained in paragraph 5 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contracts cited, which are the best

evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits the allegation contained in the second sentence of paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in the first sentence of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15.

16. Admits the allegation contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17.

18. Admits the allegation contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 18.

19. Admits the allegation contained in paragraph 19 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegation

contained in the first sentence of paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegation contained in paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by plaintiff's response to the Show Cause Notice cited, which is the best evidence of its contents; otherwise

denies the allegations contained in paragraph 25.

26. Admits the allegation contained in the first sentence of paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the first sentence of paragraph 26. Admits the allegations contained in the second sentence of paragraph 26 to the extent supported by plaintiff's second response to the Show Cause Notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 26.

27. Admits.

28. Admits the allegation contained in paragraph 28 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 28.

29. Admits the allegation contained in paragraph 29 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 29.

30. Admits the allegation contained in paragraph 30 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 30.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegation contained in paragraph 33 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies.

38. Admits the allegation contained in paragraph 38 that DOD/DLA provided plaintiff with photographs of the cylinder storage site; denies the remainder of the allegations contained in paragraph 38.

39. Denies.

40. Denies.

41. Denies the allegations contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies.

43. Admits the allegations contained in paragraph 43 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 43.

44. Admits the allegation contained in paragraph 44 to the extent supported by the request for equitable adjustment cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 44.

45. Admits the allegation contained in paragraph 45, that in response to plaintiff’s claim, DOD/DLA authorized reimbursement to plaintiff for the actual cost, plus 10 percent profit, for removing the rusted caps; denies the remainder of the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the contracting officer’s February 7, 2005 decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Denies.

48. Denies.

49. Admits the allegations contained in paragraph 49 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 49.

50. Admits the allegation contained in paragraph 50 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 50.

51. Denies the allegation contained in the first sentence of paragraph 51 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the delivery order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 52.

53. Admits the allegation contained in paragraph 53 to the extent supported by the request for progress payment cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 to the extent supported by the requests for progress payment cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 54.

55. Admits the allegation contained in paragraph 55 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 55.

56. Admits the allegation contained in paragraph 56 to the extent supported by the written request cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 56.

57. Admits the allegation contained in paragraph 57 to the extent supported by the written request cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 57.

58. Denies.

59. Denies.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Admits the allegation contained in the first sentence of paragraph 65 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the

allegation contained in the first sentence of paragraph 65. Denies the allegation contained in the second sentence of paragraph 65.

66. Denies.

67. Admits.

68. Admits the allegation contained in paragraph 68 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegation contained in paragraph 68.

69. The allegation contained in paragraph 69 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

70. Admits the allegations contained in paragraph 70 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 70.

71. The allegations contained in paragraph 71 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. Admits the allegation contained in the first sentence of paragraph 72 that plaintiff contacted DOD/DLA in October 2003 and claimed that the 500 cylinders had to be vented and hydrostatically tested; denies the remainder of the allegation contained in the first sentence of paragraph 72, that plaintiff

referred to the European Union transportation regulations. Denies the allegation contained in the second sentence of paragraph 72 for lack of knowledge or information sufficient to form a belief as to its truth.

73. Admits.

74. Admits the allegation contained in paragraph 74 that DOD/DLA agreed to allow plaintiff to vent, hydrostatically test, and refurbish the cylinders; denies the remainder of the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth.

75. Denies the allegation contained in paragraph 75 for lack of knowledge or information sufficient to form a belief as to its truth.

76. Denies.

77. Denies the allegations contained in the first sentence of paragraph 77. Admits the allegation contained in the second sentence of paragraph 77.

78. Denies.

79. Denies.

80. Admits the allegations contained in paragraph 80 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 80.

81. Admits the allegations contained in the first and second sentences of paragraph 81 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 81. Admits the allegation contained in the third sentence of paragraph 81 to the extent supported by the option award cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the third sentence of paragraph 81.

82. Admits the allegations contained in paragraph 82 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 82.

83. Admits.

84. Admits the allegation contained in paragraph 84 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 84.

85. Admits.

86. Admits the allegation contained in paragraph 86 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 86.

87. Admits the allegations contained in paragraph 87 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 87.

88. Admits the allegation contained in the first sentence of paragraph 88 that the contracting officer may have told plaintiff that the Refill Contract was "the same as" the National Welders contract in some respects; denies that the contracting officer told plaintiff that the Refill Contract "was the same as the National Welders contract" with respect to the minimum and maximum delivery orders. Admits the allegation contained in the second sentence of paragraph 88 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 88.

89. Admits.

90. Admits the allegation contained in paragraph 90 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 90.

91. Admits the allegation contained in paragraph 91 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 91.

92. Admits the allegation contained in paragraph 92 to the extent supported by the Show Cause Notice cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 92.

93. Admits the allegation contained in paragraph 93 to the extent supported by the notice of termination referred to, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 93.

94. Admits the allegations contained in paragraph 94 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 94.

95. Admits the allegation contained in paragraph 95 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 95.

96. Admits the allegations contained in paragraph 96 to the extent supported by the notice of termination cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 96.

97. Admits the allegations contained in paragraph 97 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 97.

98. Admits the allegation contained in paragraph 98 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 98.

99. Admits the allegation contained in paragraph 99 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 99.

100. Admits the allegation contained in paragraph 100 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 100.

101. Denies the allegation contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to its truth.

102. The allegation contained in paragraph 102, that "EU regulations . . . are more stringent than DOD/DLA regulations" constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remainder of the allegations contained in paragraph 102 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the remainder of the allegations contained in paragraph 102.

103. Denies.

104. Admits the allegations contained in paragraph 104 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 104.

105. Admits the allegation contained in paragraph 105 that, on or before September 18, 2003, which was before the Refill Contract was awarded, plaintiff notified the contracting officer that contractors in Germany typically use T-carts; denies the remainder of the allegations contained in paragraph 105.

106. Admits the allegations contained in paragraph 106 to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 106.

107. Denies.

108. Admits the allegation contained in paragraph 108 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 108.

109. Admits the allegation contained in the first sentence of paragraph 109 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the first sentence of paragraph 109. Admits the allegation contained in the second sentence of paragraph 109 to the extent supported by the

facsimile cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 109.

110. Denies.

111. Denies.

112. The allegation contained in paragraph 112, that "EU regulations . . . are typically more stringent than U.S./DOD/DLA regulations" constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remaining allegation contained in paragraph 112 to the extent supported by the parties' Refill contract, which is the best evidence of its contents; otherwise, denies the remaining allegation contained in paragraph 112.

113. Admits the allegation contained in paragraph 113 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegation contained in paragraph 113.

114. Admits.

115. Denies the allegation contained in paragraph 115 for lack of knowledge or information sufficient to form a belief as to its truth.

116. Admits the allegation contained in paragraph 116 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise, denies the allegation

contained in paragraph 116.

117. Denies.

118. Admits.

119. Denies.

120. Denies.

121. Denies.

122. Denies.

123. Denies.

124. Admits the allegation contained in paragraph 124 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 124.

125. The allegation contained in paragraph 125 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

126. Admits the allegation contained in paragraph 126 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 126.

127. Denies.

128. Admits the allegation contained in paragraph 128 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 128.

129. Denies. Defendant avers that counsel participated in drafting the contracting officer's June 29, 2006 final decision.

130. Admits the allegation contained in paragraph 130 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 130.

131. Admits the allegation contained in paragraph 131 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 131.

132. Admits the allegation contained in paragraph 132 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 132.

133. Admits.

134. Denies.

135. Admits.

136. Denies the allegation contained in paragraph 136 for lack of knowledge or information sufficient to form a belief as to its truth.

137. Denies the allegation contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to its truth.

138. Admits.

139. Denies.

140. Denies.

141. Denies.

142. Denies the allegation contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to its truth.

143. Defendant's responses to paragraphs 1 through 142 of the complaint are incorporated by reference.

144. Denies.

145. Denies.

146. Denies.

147. Defendant's responses to paragraphs 1 through 146 of the complaint are incorporated by reference.

148. Denies.

149. Admits.

150. Denies.

151. Denies.

152. Defendant's responses to paragraphs 1 through 151 of the complaint are incorporated by reference.

153. Denies.

154. Denies.

155. Denies.

156. Denies.

157. Defendant's responses to paragraphs 1 through 156 of the complaint are incorporated by reference.

158. Denies.

159. Denies.

160. Denies.

161. Defendant's responses to paragraphs 1 through 160 of the complaint are incorporated by reference.

162. Denies.

163. Admits.

164. Denies.

165. Denies.

166. Denies.

167. Defendant's responses to paragraphs 1 through 166 of the complaint are incorporated by reference.

168. Admits the allegation contained in paragraph 168 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 168.

169. Admits the allegation contained in paragraph 169 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 169.

170. Denies.

171. Denies.

172. Denies.

173. Defendant’s responses to paragraphs 1 through 172 of the complaint are incorporated by reference.

174. Admits the allegation contained in paragraph 174 to the extent supported by the termination decision for the Refurbishment Contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 174.

175. Admits the allegation contained in paragraph 175 to the extent supported by the termination decision for the Refill Contract, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 175.

176. Admits the allegation contained in paragraph 176 to the extent supported by the termination decisions for the Refill and Refurbishment Contracts, which are the best evidence of their contents; otherwise denies the allegation contained in paragraph 176.

177. Admits the allegation contained in paragraph 177 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 177.

178. Admits the allegation contained in paragraph 178 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation

contained in paragraph 178.

179. Admits the allegation contained in paragraph 179 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 179.

180. Denies.

181. Defendant's responses to paragraphs 1 through 180 of the complaint are incorporated by reference.

182. Denies.

183. Denies.

184. Denies.

185. Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 184 or to any relief whatsoever.

186. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

187. All or part of plaintiff's claims are barred by the doctrine of accord and satisfaction.

188. All or part of plaintiff's claims are barred by the doctrine of waiver.

DEFENDANT'S COUNTERCLAIMS[1]

189. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1503 and 2508.

190. The Refurbishment Contract incorporated by reference FAR clause 52.245-3, "Government Property (Fixed Price Contracts)."

191. The Refill Contract incorporated by reference FAR clause 52.245-3, "Government Property (Fixed Price Contracts)."

192. FAR § 45.103 states that "[C]ontractors are responsible and liable for Government property in their possession unless otherwise provided by contract."

193. Yates International, L.L.C. ("Yates") was responsible for ensuring the safety and security of the cylinders, T-carts, and other Government Furnished Property ("GFP") in its possession as a result of its performance of the Refurbishment Contract.

194. Yates was responsible for ensuring the safety and security of the cylinders, T-carts, and other GFP in its possession as a result of its performance of the Refill Contract.

195. The Refurbishment Contract incorporated by reference FAR clause 52.249-8, "Default (Fixed-Price Supply and Service)."

196. The Refill Contract incorporated by reference FAR clause 52.249-8, "Default (Fixed-Price Supply and Service)."

---

[1] The counterclaims asserted in this answer are identical to those asserted in our amended answer to plaintiff's complaint in Case No. 06-157C (Fed. Cl.).

197. Under the Default clause (Fixed-Price Supply and Service), the contractor is liable to the Government for the excess costs of procuring "supplies or services similar to those terminated."

198. On February 24, 2005, Yates employee Trevor Noble informed the Government that Yates would abandon its Holland facility on February 25, 2005.

199. On February 25, 2005, Yates abandoned its Holland facility. Yates abandoned in excess of 8,000 cylinders which were the property of the United States Government, as well as other GFP such as T-Carts, at its Holland facility.

200. When Yates International abandoned its Holland facility on February 25, 2005, it left debris other than GFP scattered about the facility.

201. Of the empty cylinders discovered in Yates' abandoned facility, 2,627 did not have valves. On March 1, 2005, Trevor Noble, Yates' general manager in Holland, e-mailed the contracting officer that "Jim [Yates] stopped sending over valves for us to fit to the cylinders. These cylinders are fully refurbished and only miss the valves. I beleive [sic] Jim has been paid the full $40-00 for these cylinders."

202. On or about March 3, 2005, Yates received a modification to the Refill Contract, which notified Yates that the contract was terminated for default and that Yates would be

liable to the Government for excess reprocurement costs the Government incurred as a result of the termination for default.

203. On or about March 3, 2005, Yates received a modification to the Refurbishment Contract, which notified Yates that the contract was terminated for default and that Yates would be liable to the Government for excess reprocurement costs the Government incurred as a result of the termination for default.

204. On March 9, 2005, the termination contracting officer sent a letter to Yates about retaining GFP. The letter noted that Yates had apparently abandoned its facility and failed to take any action to protect the GFP provided to it under the contracts. The letter further notified Yates that it would be liable to the Government for any potential losses of GFP.

205. Yates did not return to its Holland facility to secure the GFP or clean up the facility.

206. The Government was forced to expeditiously secure the abandoned GFP and clean the abandoned facility. The Government was also forced to pay for the removal of the GFP at the facility to its follow-on contractor.

207. On March 10, 2005, the Government awarded contract SP0406-05-M-Z791 to Exploitatiemaatschappij Laanweg BV, the owner of the facility and Yates' former landlord, to temporarily provide secure storage for four weeks of the GFP which Yates had abandoned. The Government paid $31,837.41 for the performance of

this contract.

208. On May 3, 2005, the Government awarded contract SP0406-05-D-4067-001Z to International Gas & Services, NV ("IGS") in Belgium to perform the remainder of the term of the Refill Contract and to complete the Refurbishment Contract. The contract includes a separate contract line item number ("CLIN") for the removal of the GFP from Yates' abandoned facility to IGS and for cleanup of Yates' Holland facility. The Government paid $62,901.88 to IGS for services under this CLIN.

209. By letter dated June 29, 2006, the contracting officer issued a final decision to Yates demanding breach of contract, and termination and reprocurement related costs from Yates in the amount of $127,576.79, plus interest. Exhibit "A."

**COUNT I**

**Reprocurement Costs**
**(Temporary Storage of Government Furnished Property)**

210. The Government's requirements to procure services and supplies under Contract No. SP0406-05-M-Z791 were a direct result of the termination for default of the Refurbishment and Refill Contracts.

211. The services and supplies purchased under Contract No. SP0406-05-M-Z791, required to secure the storage of GFP, were similar to those purchased under the Refurbishment and Refill Contracts.

212. Yates is liable to the Government for costs it incurred, in the amount of $31,837.41, under Contract No. SP0406-05-M-Z791, pursuant to the Default clauses contained in the Refurbishment and Refill Contracts.

**COUNT II**

**Reprocurement Costs**
**(Removal of GFP and Debris from Yates International Facility)**[2]

213. The Government's requirement to procure CLIN 9905 of Contract No. SP0406-05-D-4067-001Z was a direct result of the termination for default of the Refurbishment and Refill Contracts.

214. The services and supplies purchased under CLIN 9905 under Contract No. SP0406-05-D-4067-001Z, for transfer of the abandoned GFP and cleanup of the Yates facility, were similar to those purchased under the Refurbishment and Refill Contracts.

215. Yates is liable to the Government for costs it incurred under CLIN 9905 under Contract No. SP0406-05-D-4067-001Z, in the amount of $62,901.88, pursuant to the Default

---

[2] Performance under Contract SP0406-05-D-4067-001Z is still continuing and the Government is not therefore currently able to assess the entire reprocurement costs it will incur under this or any other follow-on contract. However, because the nature of CLIN 9905 of the contract is severable from the remainder of the contract because it was a one-time cost resulting from Yates International's default, the Government is asserting damages for this single CLIN now. By doing so, the Government is in no way forfeiting or waiving its rights to seek additional reprocurement costs from Yates International in the future under this or any other contract.

clauses contained in the Refurbishment and Refill Contracts.

**COUNT III**

**Breach of Contract Damages**
**(Temporary Storage of Government Furnished Property)**

216. Yates' abandonment of the Refurbishment Contract constituted a breach of contract.

217. Yates' abandonment of the Refill Contract constituted a breach of contract.

218. The Government's requirement to obtain temporary secure storage of the GFP abandoned by Yates was a direct and proximate result of Yates' breach of the Refurbishment Contract and/or the Refill Contract. This requirement was reasonably foreseeable by Yates.

219. Yates is liable to the Government for costs it incurred under Contract No. SP0406-05-M-Z791, in the amount of $31,837.41, as damages for breach of contract.

**COUNT IV**

**Breach of Contract Damages**
**(Removal of GFP and Debris from Yates International Facility)**

220. Yates' abandonment of the Refurbishment Contract constituted a breach of contract.

221. Yates' abandonment of the Refill Contract constituted a breach of contract.

222. As a direct and proximate result of Yates' breach of the Refurbishment Contract and/or the Refill Contract, the Government was required to clean up the premises abandoned by Yates and transfer the abandoned GFP to the follow-on contractor. This requirement was reasonably foreseeable by Yates.

223. Yates is liable to the Government for costs it incurred under CLIN 9905 of Contract No. SP0406-05-D-4067-001Z, in the amount of $62,901.88, as damages for breach of contract.

**COUNT V**

**Breach of Contract Damages**
**(Cylinder Valves)**

224. Yates accepted payment for 2,627 cylinder valves under the Refurbishment Contract which it failed to provide to the Government.

225. Because Yates did not tender the 2,627 cylinder valves to the Government, it breached the parties' contract.

226. The Refurbishment Contract contains a price list which provides a price for miscellaneous parts that the contractor might need to purchase. The price listed for "Cylinder Valve" is $12.50 each.

227. Yates is liable for breach of contract damages to the Government for the 2,627 cylinder valves, in the amount of $32,837.50, as a result of its breach of the Refurbishment Contract.

## COUNT VI

**Conversion**
**(Cylinder Valves)**

228. The abandoned property at Yates' Holland facility included 2,627 cylinders without valves. Yates accepted payment for providing these 2,627 cylinders, including the valves, to the Government.

229. Upon payment, these cylinder valves became Government Furnished Property. The Government possessed title to the cylinder valves. Yates maintained possession of the cylinder valves and has failed to return them to the Government.

230. Yates' failure to provide the 2,627 cylinder valves to the Government after receipt of payment constitutes a conversion of the cylinder valves.

231. Yates is liable to the Government for conversion of the 2,627 cylinder valves, in the amount of $32,837.50 for the value of the converted property plus any additional damages or relief available at law or equity.

## PRAYER FOR RELIEF

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant a monetary judgment against Yates International in the amount of $127,576.79 and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Facsimile: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

DONALD S. TRACY
Chief Trial Attorney
Office of Counsel
Defense Supply Center Richmond
8000 Jefferson Davis Highway
Richmond, VA 23297-5701
(804) 279-4811

OCTOBER 3, 2006

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on the 3rd day of October, 2006, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore