**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

YATES INTERNATIONAL, L.L.C.

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

COFC No. 1:06-cv-00570
*Consolidated with*
COFC No. 1:06-cv-00157
(Judge Allegra)

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Yates International, L.L.C. ("Yates"), by counsel, for its Answer to Defendant's Counterclaim filed by defendant and counterclaim plaintiff, United States of America ("United States" or "Government") in case number 1:06-cv-00570 on October 3, 2006, states as follows:

1. The allegation contained in paragraph 189 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. Yates denies the allegation contained in paragraph 190 of the Counterclaim.

3. Yates denies the allegation contained in paragraph 191 of the Counterclaim.

4. The allegation contained in paragraph 192 constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

5. The allegation contained in paragraph 193 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

6. The allegation contained in paragraph 194 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7. Yates denies the allegation contained in paragraph 195 of the Counterclaim.

8. Yates denies the allegation contained in paragraph 196 of the Counterclaim.

9. The allegation contained in paragraph 197 constitutes a question of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

10. Yates denies the allegation contained in paragraph 198 of the Counterclaim.

11. The allegation contained in paragraph 199 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

12. Yates denies the allegations contained in paragraph 200 of the Counterclaim.

13. Yates denies the allegations contained in paragraph 201 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Yates admits the allegation in paragraph 202 to the extent that it is supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 202.

15. Yates admits the allegation in paragraph 203 to the extent that it is supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 203.

16. Yates admits the allegation in paragraph 204 to the extent that it is supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 204.

17. Yates denies the allegation in paragraph 205 of the Counterclaim.

18. Yates denies the allegations contained in paragraph 206 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Yates denies the allegations contained in paragraph 207 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Yates denies the allegations contained in paragraph 208 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Yates admits the allegation in paragraph 209 to the extent that it is supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 209.

22. The allegation contained in paragraph 210 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

23. The allegation contained in paragraph 211 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

24. The allegation contained in paragraph 212 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

25. The allegation contained in paragraph 213 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

26. The allegation contained in paragraph 214 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

27. The allegation contained in paragraph 215 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

28. The allegation contained in paragraph 216 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

29. The allegation contained in paragraph 217 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

30. The allegation contained in paragraph 218 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

31. The allegation contained in paragraph 219 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

32. The allegation contained in paragraph 220 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

33. The allegation contained in paragraph 221 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

34. The allegation contained in paragraph 222 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. The allegation contained in paragraph 223 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

36. Yates denies the allegation in paragraph 224 of the Counterclaim and demands strict proof thereof.

37. The allegation contained in paragraph 225 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

38. Yates admits the allegation in paragraph 226 to the extent that it is supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 226.

39. The allegation contained in paragraph 227 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

40. The allegation in the first sentence of paragraph 228 that Yates abandoned the property is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Yates denies the allegation in the second sentence and demands strict proof thereof.

41. The allegation contained in paragraph 229 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

42. The allegation contained in paragraph 230 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

43. The allegation contained in paragraph 231 constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

44. All allegations contained in the Counterclaim not specifically admitted or denied are denied.

## Affirmative Defenses

1. The Government's claims are barred by the Government's breach of the contracts between the parties.

2. The Government's termination of the contracts for default was arbitrary and capricious and an abuse of the Contracting Officer's ("CO's") discretion, and does not give rise

to the Government's exercise of its right to assess Yates International for its excess reprocurement costs.

3. The CO's final decision to assess excess reprocurement costs against Yates was not the product of the CO's independent judgment.

4. The CO's final decision to assess excess reprocurement costs against Yates is not supported by the CO's stated grounds for terminating the contracts for default.

5. The Government claims are not for excess costs.

6. The reprocured services are not similar to those terminated.

7. The costs of the reprocured services are unreasonable.

8. The Government failed to mitigate its damages.

9. The Government's claims are barred by the doctrines of waiver and estoppel.

10. The CO's final determination that Yates International is liable for $32,837.50 for missing valves is arbitrary and capricious and an abuse of the CO's discretion.

11. The CO's determination that Yates International is liable for $31,837.41 to secure the facility and $62,901.88 for removal of debris from the Yates International facility is arbitrary and capricious and an abuse of the CO's discretion.

12. Yates reserves the right to amend this Answer and rely on any defense – factual, legal or otherwise – that is or may be justified by the information adduced during discovery or by the evidence at trial.

WHEREFORE, Yates International, L.L.C., by counsel, requests this Court enter an order (1) dismissing the Counterclaim filed against Yates; (2) awarding Yates its costs and attorneys' fees; and (3) granting all other and further relief this Court deems appropriate.

Dated: October 17, 2006

Respectfully submitted,

s/ Robert E. Korroch

Williams Mullen
Fountain Plaza Three, Suite 200
721 Lakefront Commons
Newport News, Virginia 23606
rkorroch@williamsmullen.com
757.249.5100 (telephone)
757.249.5109 (facsimile)
Attorneys for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on October 17, 2006, a copy of the foregoing "PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Korroch

#1142971 v2 - Answer to Counterclaim 06-570C